## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIO QUINTANILLA, #03470071** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **5:20-CV-00563-DAE** |
| | § | |
| **CAPTAIN MARTIN GONZALES, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

As ordered by the Court (Dkt. Nos. 21 & 23), Defendants file this Supplemental Motion for Summary Judgment to address, under the Fourteenth Amendment, Plaintiff's claim that Captain Martin Gonzales subjected him to unconstitutional punishment by housing him in a solitary cell with inadequate lighting for four months. Plaintiff's claim appears to be against Captain Gonzales in his individual capacity. As discussed in Section A of the Argument and Authorities below, Plaintiff's individual inadequate-lighting claims against Captain Gonzales fail:

1.   Plaintiff's inadequate lighting claim fails under an "episodic act or omission" theory because Plaintiff's confinement did not violate standards of decency, and Captain Gonzales responded reasonably to Plaintiff's lighting complaints.

2.   Plaintiff's inadequate lighting claim fails under a "condition of confinement" theory because Plaintiff's solitary confinement was for a legitimate, non-punitive purpose, and any lighting deficiency is *de minimis*.

3.   Captain Gonzales is entitled to qualified immunity from Plaintiff's inadequate lighting claims as a matter of law because Captain Gonzales did not violate any clearly established constitutional right of Plaintiff.

Finally, as discussed in Section B of the Argument and Authorities below, any claim against Captain Gonzales in his official capacity (seeking to place liability against Atascosa County) fails as a matter of law because there is no pleading, much less evidence, of a policy or custom to deprive pretrial detainees of light.

Defendants respectfully request the Court grant their Supplemental Motion for Summary Judgment and their prior Supplemental Motion to Dismiss (Dkt. No. 17) and dismiss Plaintiff's Amended Complaint.

## I.
## FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

On multiple occasions, officers at the Atascosa County Jail gave Plaintiff a maximum-security designation, reclassified him to "lockdown," and placed him in a one of two solitary confinement cells (called Dayrooms 1 and 4) because of repeated incidents and fights with his fellow inmates and jail staff.  At issue are four periods when officers placed him in solitary confinement: November 17 to December 4, 2019, January 9 to January 29, 2020, February 3 to March 2, 2020, and May 14 to June 17, 2020.[1]

Plaintiff complains that, in Dayrooms 1 and 4, "about 10% of the cells are lit by a security light that is surrounded by three walls in the front of the cells, over a small desk," and the "[r]egular cell lights are never turned on."[2]  Plaintiff alleges Captain Gonzales deprived him of a minimal civilized measure of life's necessities and was deliberately indifferent to Plaintiff's health because Captain Gonzales did not respond to Plaintiff's

---

[1]   *See* Exhibit A, Security and Reclassification Records at pgs. 5-38; Exhibit B, Declaration of Captain Mike Benavides.

[2]   *See* Plf.'s Am. Compl., Dkt. No. 11 at pg. 12.

requests "for the [regular cell] lights to be turned on during dayrooms hours so plaintiff could read."[3]   Plaintiff acknowledges he could read by the desk light, and that a maintenance man "replace[d] my light bulb," but he says he had to lie "on the floor near desk lamp to keep from straining his eyes."[4]

In reality, per the declaration of Captain Mike Benavidez, the solitary cells at issue are fully illuminated by (1) a desk lamp in each cell, (2) an overhead light in each cell, and (3) light from outside each cell.[5]   The Texas Commission of Jail Standards confirmed the lighting of Dayrooms 1 and 4 was adequate as of January 2, 2020, when a Texas Commission on Jail Standards Inspector completed an inspection and concluded the facility complied with the Texas Minimum Jail Standards (including a minimum lighting requirement for county jails, 37 Tex. Admin. Code §260.160).[6]

When notified of a broken light or lightbulb, the maintenance staff at the Atascosa County Jail repairs or replaces the light as soon as possible.[7]   As Plaintiff admits, after a complaint by Plaintiff about the lighting, Captain Gonzales ordered maintenance staff to replace the lightbulb in Plaintiff's desk lamp.[8]   Maintenance staff immediately did so.[9]

---

[3]   *Id.* at pg. 13.

[4]   *See id.*

[5]   *See* Exhibit B at ¶ 7.

[6]   *See* Exhibit C, Texas Commission on Jail Standards Compliance Letter; Exhibit D, Affidavit of Captain Martin Gonzales.

[7]   *See* Exhibit B at ¶ 8.

[8]   *Id.* at ¶ 9; Dkt. No. 11 at pg. 13 ("Maintenance a (Mr. Harrison) was ordered to replace my light bulb . . . .").

[9]   Exhibit B at ¶ 9.

## II.
## PROCEDURAL HISTORY

Plaintiff filed his Original Complaint in this cause on March 30, 2020, alleging Captain Gonzales had thrown him in "solitary confinement without due process on two separated occasions, the first for 18 days, the 2nd time for 30 days."[10]  Plaintiff then filed a separate, duplicative lawsuit, Cause No. SA-20-CV-465-FB, on April 13, 2020, alleging Captain Gonzales had "thrown me in solitary confinement 2 sep[a]rate times without due process and never turned on the lights for 70 days."[11]  Plaintiff complained of Captain Gonzales' "refusal of the lights being turned on besides the small security light being left on."[12]  Similar to his allegations in this case, Plaintiff alleged, "Maintenance put in a brighter bul[b] which only lit up the small desk area. 80% of the cells are still in the dark. My eyes hurt & I had to put my mat on the floor in order to read.  I have complain[ed] to the medical department because I still have trouble focusing my eyes."[13]  Judge Fred Biery dismissed the separate complaint as duplicative and malicious.[14]

In this case, on June 17, 2020, the Court entered an Order to Show Cause and ordered Plaintiff to file an amended complaint curing (if possible) pleading deficiencies to avoid dismissal.[15]  On July 6, 2020, Plaintiff filed his Amended Complaint, alleging Captain Gonzales deprived him of "necessities" and was "deliberately indifferent" to his

---

[10]   Plf.'s Compl., Dkt. No. 1 at pg. 5.

[11]   Exhibit E, Plf.'s Duplicative Compl. at pg. 3.

[12]   *Id.* at pg. 4.

[13]   *Id.*

[14]   Exhibit F, J. Biery Order of Dismissal of Duplicative Compl.

[15]   *See* Order to Show Cause, Dkt. No. 9.

- 4 -

health when Plaintiff asked for the lights in his dayroom to be turned on and only the security light bulb was replaced.[16]  Plaintiff alleges "about 10% of the cells are lit by a security light."[17]  Plaintiff's Amended Complaint incorrectly pleads the inadequate-lighting claim against Captain Gonzales as an Eighth Amendment cruel and unusual punishment claim, pursuant to 42 U.S.C. § 1983 ("Section 1983").[18]

Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint on November 10, 2020, requesting dismissal of the entire Amended Complaint, including the inapplicable Eighth Amendment claim.[19]  The Court converted Defendants' Motion to a motion for summary judgment.[20]  Defendants filed their Supplemental Motion to Dismiss with summary judgment evidence on December 8, 2020.[21]  Plaintiff filed a Response and an Affidavit but did not amend his claim of inadequate lighting against Captain Gonzales.[22]

The Court then ordered Defendants to address Plaintiff's claim under the Fourteenth Amendment because he is a pretrial detainee.[23]  Defendants, therefore, move for summary judgment on Plaintiff's inadequate-lighting claim under the Fourteenth Amendment. Incorporating by reference Defendants' Supplemental Motion to Dismiss (now a motion

---

[16]  Plf.'s Am. Compl., Dkt. 11 at pgs. 12-13.

[17]  *Id.* at pg. 12.

[18]  *Id.* at pgs. 12-13.

[19]  Mot. to Dismiss, Dkt. No. 14 at pgs. 9-10.

[20]  *See* Order, Dkt. No. 15.

[21]  *See* Supp. Mot. to Dismiss, Dkt. No. 17.

[22]  *See* Plf.'s Resp. to Mot. to Dismiss, Dkt. No. 16; Plf.'s Aff. in Supp., Dkt. No. 20.

[23]  *See* Order, Dkt. No. 21.

for summary judgment), Dkt. No. 17, Defendants request summary judgment on all allegations in Plaintiff's Amended Complaint.

### III.
### ARGUMENT & AUTHORITIES

The summary judgment standards are well-established. Summary judgment is appropriate when the moving party can demonstrate the pleadings, affidavits, and other evidence establish no genuine issues of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *Smith v. Brenoetty*, 158 F.3d 908, 911 (5th Cir. 1998). There is no genuine issue of material fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for a non-moving party[.]" *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 293–94 (5th Cir. 1987).

A.     **Plaintiff's individual capacity claim against Captain Gonzales for inadequate lighting fails as a matter of law under the Fourteenth Amendment.**

To prevail on his inadequate-lighting claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must allege and establish that he was subjected to jail conditions imposed for the purpose of punishment. *See Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The appropriate standard to apply in analyzing such a constitutional challenge depends on whether the plaintiff alleges the unconstitutional conduct under a "condition of confinement" theory or an "episodic act or omission" theory. *See Scott v.*

*Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (en banc).  Plaintiff's inadequate lighting claim

fails under both theories, and Officer Gonzales is entitled to qualified immunity.

> 1.  *Plaintiff's inadequate lighting claim fails under an "episodic act or omission" theory because Plaintiff's confinement did not violate standards of decency, and Captain Gonzales responded reasonably to Plaintiff's lighting complaints.*

An "episodic act or omission" claim pertains to specific acts by officials.  *See Hare,*

74 F.3 at 639.  It requires Plaintiff to prove: (a) his exposure to a harm or injury violating

contemporaneous standards of decency (an objective component); and (b) defendant's

deliberate indifference to that exposure (a subjective component).  *See Helling v. McKinney*

509 U.S. 25, 35-36 (1993).  Under the objective exposure-to-harm component, the alleged

deprivation must be "sufficiently serious," resulting in "a substantial risk of harm."  *Farmer*

*v. Brennan,* 511 U.S. 825, 832 (1994).  To be "sufficiently serious," the deprivation must

deny plaintiff "the minimal measure of life's necessities."  *Palmer v. Johnson,* 193 F.3d

346, 352 (5th Cir. 1999).  Under the subjective deliberate-indifference component, "the

official must be both aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference."  *Farmer,* 511

U.S. at 837.  The test for establishing deliberate indifference is "one of subjective

recklessness as used in the criminal law.  *Id.*  Deliberate indifference "is an extremely high

standard to meet."  *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).

Here, Defendants are entitled to summary judgment on an inadequate-lighting claim

based on an episodic act or omission theory for two reasons.  First, the pleadings and the

attached evidence establish Plaintiff was not exposed to a harm violating contemporaneous

standards of decency as a matter of law.  Plaintiff was in a solitary or "lockdown" cell

because of his own behavior in fighting and threatening other inmates and refusing to obey a direct order of a corrections officer.[24]   The state inspector determined the facilities complied with minimum standards as of January 2020.[25]   Second, the evidence establishes Captain Gonzales was not deliberately indifferent to a serious harm to Plaintiff.   Although the cells were already sufficiently illuminated, Captain Gonzales ordered a maintenance man to replace the lightbulb on the desk lamp in Plaintiff's cell in response to Plaintiff's unique lighting complaint.[26]

> 2.   *Plaintiff's inadequate lighting claim fails under a "condition of confinement" theory because Plaintiff's solitary confinement was for a legitimate, non-punitive purpose, and any lighting deficiency is* de minimis*.*

A "condition of confinement" claim is a constitutional attack on a "general conditions, practices, rules or restrictions of pretrial confinement."   *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 643-44 (5th Cir. 1996).   To establish Section 1983 liability of Captain Gonzales for unconstitutional "condition of confinement," Plaintiff must prove the conditions at the Atascosa County Jail were imposed as a form of punishment and were more than *de minimis*.   *See Hamilton v. Lyons,* 74 D.3d 99, 103 (5th Cir. 1996) (en banc). In other words, Plaintiff must establish that the conditions were imposed for a punitive purpose and resulted in "serious deficiencies" in providing for his "basic human needs." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 454 (5th Cir. 2009).

---

[24]   *See* Exhibit A; Exhibit B at ¶¶ 4-5.

[25]   *See* Exhibit C; Exhibit D.

[26]   *See* Exhibit B at ¶¶ 6-10.

To establish punitive purpose, Plaintiff must show direct evidence of intent by detention facility officials to punish the pretrial detainee, or else create an inference by showing the condition is not reasonably related to a legitimate governmental objective. *Bell,* 441 U.S. at 538-39.   In the absence of intent to punish, Plaintiff must show the conditions were arbitrary or purposeless.  *See Robinson v. Saucier,* No. 1:10-cv-556, 2011 WL 7563048 at *5 (S.D. Miss. 2011) (holding plaintiff's allegation that defendants put him in a "lock down zone" with inconsistent lighting for 78 days did not show defendants were arbitrary where defendants asserted plaintiff was an escape risk).

The Constitution "is not concerned with a *de minimis* level of imposition on pretrial detainees."  *Collins v. Ainsworth,* 382 F.3d 529, 540 (5th Cir. 2004).  *See Robinson,* 2011 WL 7563048 at *5 ("The imposition upon Robinson as a result of his confinement was *de minimis*; the fact that Robinson had to endure a period of approximately sixty-days in a lockdown unit without consistent lighting due to the misbehavior of other inmates does not rise to the level of constitutional concern.").  The Constitution is only concerned with "serious deficiencies" in providing for "basic human needs."  *Shepherd,* 591 F.3d at 454; *see also Hinton v. Pike County, Miss.,* No. 5:15-cv-77, 2017 WL 1135631 at *6 (S.D. Miss. Mar. 2, 2018).  In *Hinton*, a sister Fifth Circuit district court determined defendants did not subject plaintiff to conditions which resulted in "serious deficiencies" in providing for his "basic human needs" where plaintiff alleged he was without lights in one of his cells for seven months but defense witnesses testified the maintenance department would repair or replace broken lights as soon as possible.  *Id.* at *6; *see also Simmons v. Lewis,* No. 3:13-

cv-624, 2015 WL 570436 at *3 (S.D. Miss. Feb. 11, 2015); *Robinson v. Saucier,* No. 1:10-cv-556, 2011 WL 7563048 at *6 (S.D. Miss. Nov. 14, 2011).

Here, Plaintiff cannot prove Captain Gonzales is liable for an unconstitutional condition for two reasons.  First, the pleadings and evidence definitively establish the Atascosa County Jail did not house Plaintiff in a solitary cell for punitive purposes. Plaintiff does not even allege a punitive purpose.[27]  As shown in Plaintiff's Reclassification and Security Records and the Declaration of Captain Mike Benavides (attached as Exhibits A and B, respectively), the officers housed Plaintiff in a solitary cell for legitimate reasons: repeated fights and incidents with fellow inmates and staff.[28]  Plaintiff was reclassified to lockdown on November 17, 2019 and May 14, 2020 for fighting other inmates;[29] on February 3, 2020 for threatening another inmate;[30] and on January 9, 2020 for refusing to obey the direct order of a corrections officer.[31]  After each of these events, Plaintiff was reassessed, given a maximum-security designation (either "high" or "close custody"), and reclassified to a solitary cell or "lockdown" in Dayroom 1 or Dayroom 4.[32]

Second, the pleadings and the evidence show beyond any reasonable dispute that Plaintiff's lighting conditions were at most a *de minimis* deficiency—not a serious deficiency in providing basic needs.  Plaintiff admits a maintenance man "replace[d] my

---

[27]  *See* Plf.'s Amd. Compl., Dkt. No. 11 at pgs. 12-13.

[28]  *See* Exhibit A at pgs. 5-38; Exhibit B.

[29]  *See* Exhibit A at pgs. 13-14, 35-36; Exhibit B at ¶¶ 4(b), 4(h).

[30]  *See* Exhibit A at pgs. 23-24; Exhibit B at ¶ 4(f).

[31]  *See* Exhibit A at pgs. 31-32; Exhibit B at ¶ 4(d).

[32]  *See id.*

light bulb" and Plaintiff could read while he was near the desk lamp.[33]   Even taking

Plaintiff's allegations as true, the alleged harm to Plaintiff here is far less serious than the

allegations in the above-cited cases, where the plaintiffs contended they were without any

light at all but failed to establish a serious deficiency.  *See Hinton*, 2017 WL 1135631 at

*5 ("According to the plaintiff, he was housed without lights in one of his cells for seven

months"); *Simmons*, 2015 WL 570436 at *3 ("He had no lights in his cell and had to read

on the floor using the six-inch space under his door for lighting."); *Robinson v. Saucier,*

2011 WL 7563048 at *5 ("Robinson claims that during his seventy-eight day stay in cell

unit B-3, he was deprived of light for approximately sixty days.").   And the Texas

Commission on Jail Standards certified Atascosa County Jail's compliance with the Texas

Minimum Jail Standards, including adequate illumination of all dayrooms, just one week

prior to Plaintiff's second re-classification to lockdown.[34]  Plaintiff's inadequate-lighting

claim under a "condition of confinement" theory fails as a matter of law.

  3.    *Captain Gonzales is entitled to qualified immunity as a matter of law because he did not violate any clearly established constitutional right of Plaintiff.*

Even if Plaintiff's allegations of inadequate lighting in Dayrooms 1 and 4 had raised

a fact issue regarding his due process rights (for the reasons discussed in A.1. and A.2.

above, they do not), Plaintiff's claim against Captain Gonzales fails as a matter of law

because Plaintiff concedes Captain Gonzales ordered replacement of Plaintiff's reading

---

[33]   *See id.*

[34]   *See* Exhibit C.

light.[35]  Because Captain Gonzales' conduct was reasonable under the circumstances, he is entitled to qualified immunity.

Government officials are protected from suit and liability by qualified immunity unless their alleged conduct: (1) violated a Constitutional or statutory right; and (2) the illegality of the alleged conduct was clearly established at the time. *D.C. v. Wesby*, 138 S. Ct. 577, 589, 199 L. Ed. 2d 453 (2018).  The phrase "clearly established" means, at the time of the official's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful. *Id.*  Existing law must have placed constitutionality of the official's conduct "beyond debate." *Id.*  This demanding standard means that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).  To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. *Id.*  It is not enough for then-existing precedent to suggest the legal principle. *Id.* at 590.  The precedent must be clear enough that every reasonable official would interpret it to establish the rule the plaintiff seeks to apply. *Id.*  If the plaintiff cannot make this difficult showing, then the rule is not one that "every reasonable official would know." *Id.*

The "clearly established" standard also requires the legal principle to clearly prohibit the officer's conduct in the particular circumstances before him. *Id.*  The rule's contours must be so well-defined that it is "clear to a reasonable officer that his conduct

---

[35]   Plf. Am. Compl. at pg. 13; Exhibit B at ¶ 9.

was unlawful in the situation he confronted." *Id.* (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001)).  Courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id.* (quoting *Plumhoff v. Pickard*, 571 U.S. 765, 779 (2014)).  A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately from the conclusion that [the rule] was firmly established." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).  The legal principle in question must clearly prohibit the specific conduct of the official in the particular circumstances confronting the official.  *Id.* at 590.

Here, Captain Gonzales is entitled to qualified immunity as a matter of law because he did not violate any clearly established constitutional right of Plaintiff.  It is undisputed that, after Plaintiff complained about the lighting, Captain Gonzales replaced a light bulb that provides light to those cells.[36]  Plaintiff provides no evidence that Captain Gonzales' conduct was objectively unreasonable, and therefore cannot overcome Captain Gonzales' qualified immunity.

**B.      Any official capacity claim against Captain Gonzales for inadequate lighting fails as a matter of law under the Fourteenth Amendment.**

To the extent Plaintiff asserts an inadequate-lighting claim against Captain Gonzales in his official capacity, it fails a matter of law because Plaintiff does not allege (and cannot show) an official Atascosa County policy or custom was the moving force behind the alleged violation of his constitutional rights.  A Section 1983 lawsuit naming a defendant

---

[36]  *See id.*

in his or her official capacity does not involve the personal liability of the individual defendant; rather, the real party in interest is the individual's governmental entity employer.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  "In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'"  *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)); *see also Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 579–80 (5th Cir. 2001).

Plaintiff cannot show, and does not identify, any official Atascosa County policy or custom that was the moving force behind the allegedly inadequate lighting he experienced in the solitary cells at the Atascosa County Jail.[37]  Plaintiff does not have evidence of (or even allude to) any officially adopted policy (or persistent, widespread practice) of depriving pretrial detainees of light.[38]  Plaintiff cannot establish the elements of County liability.  Consequently, any claim against Captain Gonzales in his official capacity for housing him in a solitary light with allegedly inadequate light fails as a matter of law and should be dismissed.

---

[37]   *See* Pl.'s Am. Compl.

[38]   *Id.*

## IV.
## PRAYER

Defendants pray the Court grant summary judgment in their favor on all Plaintiff's claims, including the inadequate-lighting claims against Captain Gonzales addressed in this Supplemental Motion, and dismiss with prejudice all of Plaintiff's claims against County Defendants.  Defendants also request the Court grant such other and further relief to which Defendants are justly entitled.

Respectfully submitted,

*/s/ Ben Zinnecker*
**Larry J. Simmons – Attorney-in-Charge**
Texas Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com
**Ben Zinnecker – Of Counsel**
Texas Bar No. 24066504
Federal I.D. No. 1269224
bzinnecker@germer-austin.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2021, a true and correct copy of the foregoing document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Ben Zinnecker*
Ben Zinnecker