UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIO QUINTANILLA, #04570071, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-20-CV-465-FB |
| | § | |
| ATASCOSA COUNTY SHERIFF DAVID | § | |
| SOWARD, ATASCOSA COUNTY, and | § | |
| CAPTAIN MARTIN GONZALES, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Before the Court is the 42 U.S.C. § 1983 Civil Rights Complaint ("section 1983 Complaint")

filed *pro se* by Plaintiff Mario Quintanilla (ECF No. 1). Upon consideration and review, Mr.

Quintanilla's section 1983 Complaint is **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Atascosa County court records show Maria Quintanilla was indicted in February 2020 for the

offense of manufacture and delivery of a controlled substance in penalty group one. *See* https://81-

18.txcourts.gov/files//Atascosa%20County%20Indictment%20List%2002%2007%2020%20 redacted.pdf

(last visited May 15, 2020). Mr. Quintanilla is in the Atascosa County Jail ("ACJ") awaiting trial. While

incarcerated, Mario Quintanilla has filed three section 1983 actions to date.

On March 30, 2020, Mario Quintanilla filed his first section 1983 action against Captain Martin

Gonzales for refusing him time in the law library and denying him legal documents, as well as for

assaulting him; Atascosa County Sheriff David Soward for refusing to supply legal documents "via the law

library"; and Amanda Faz for refusing him "access to the courts via law library and documents" and for

"threatening him with Mr. Mendosa" *See Quintanilla v. Gonzales, et al.*, No. SA-20-CV-563-DAE (W.D.

Tex.). In his Complaint, Mario Quintanilla alleged the following: the librarian and jail administrator refused him access to the law library and legal documents; he lacked the proper legal forms and addresses to file suit; Captain Martin Gonzales harassed and assaulted him, as well as threw him into solitary confinement on two occasions without due process; he has been denied all incoming legal mail and is not allowed to send outgoing legal mail, including handwritten motions that have not reached the District Clerk's Office; and because other inmates are also being refused access to the law library, when Mr. Quintanilla is allowed library time, he is denied "access to help from other inmates and legal visits from co-defendants." (*Id.*).

On April 6, 2020, Mario Quintanilla filed a second section 1983 complaint against the following ACJ employees: Corrections Officer R. Sanchez, Corporal Lisa Caballero, and Lieutenant Mike Benavides. *Quintanilla v. Sanchez, et al.*, No. SA-20-CV-440-OLG (W.D. Tex.). Mr. Quintanilla alleged defendants violated his First, Fourth, and Eighth Amendment rights by "viewing, sharing, and confiscating legal papers," which included a list of witnesses he intended to subpoena in another lawsuit. (*Id.*). Mr. Quintanilla also alleged defendants seemed to assert the existence of a conspiracy, alleging the "administration" was attempting to stop him from "blowing the whistle on this corrupt administration," which he contended was violating "constitutional, civil, and human right[s], as well as breaking federal law by withhold[ing] legal mail." (*Id.*). On April 22, 2020, Mario Quintanilla was ordered to show cause why his complaint should not be dismissed for failure to state a claim. (ECF No. 5). Although Mr. Quintanilla amended his complaint, he failed to correct the deficiencies; consequently, on May 15, 2020, Mario Quintanilla's Amended Complaint was dismissed for failure to allege a non-frivolous claim. (ECF No. 7).

On April 13, 2020, Mario Quintanilla filed the present section 1983 Complaint against Atascosa County Sheriff David Soward, Atascosa County, and Captain Martin Gonzales. (ECF No. 1). In his

complaint, Mr. Quintanilla alleges that "after telling Law Librar[ian] she was violating my rights by refusing me law library & legal documents, Admin. & Grievance Coordinator Mr. Gonzales denied all grievances, refused copies of the grievances, assaulted me and has thrown me in Solitary Confinement 2 separate times without due process and never turned on the lights for 70 days." (*Id.*). Mr. Quintanilla further alleges all his legal mail has been withheld in violation of federal law, he and other inmates have been assaulted and left to sit in their own feces, and they are not allowed access to the courts or legal documents and further, are not provided copies of their grievances. (*Id.*).

## APPLICABLE LAW

Plaintiff Quintanilla brings this action pursuant to section 1983 and was granted leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 3,6). Section 1915(e)(2)(B)(i)–(iii) of Title 28 of the United States Code requires a Court to screen and dismiss an IFP complaint if the Court determines it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b)(1)–(2). A complaint duplicating claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

## APPLICATION

As set forth above, Mario Quintanilla has filed two separate section 1983 actions arising from the same set of facts against the same defendants for the same alleged injuries—denial of access to the courts, assault, and the denial of due process. (*Id.*) Thus, Mario Quintanilla's Complaint in this case is duplicative of his claims in Case No. SA-20-CV-563-DAE, and is, therefore, malicious. *See Pittman*, 980 F.2d at 995. As the Fifth Circuit has stated, "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure [sic] that the plaintiff obtains one bite at the litigation apple—but not more." *Id.*

### CONCLUSION

Accordingly, the Court finds Mario Quintanilla's section 1983 Complaint, filed under Case Number SA-20-CV-00465-FB, is duplicative of the Complaint filed under Case Number SA-20-CV-00563-DAE. It is therefore malicious and subject to dismissal.

**Therefore, IT IS HEREBY ORDERED** that Mario Quintanilla's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i) and 1915A(b)(1) of Title 28 of the United States Code because it is duplicative of a previously filed action and therefore, malicious.

**IT IS FURTHER ORDERED** that Mario Quintanilla's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to Mario Quintanilla's prosecution of Case Number SA-20-CV-00563-DAE.

**Mario Quintanilla now has two "strikes" under section 1915(g).** Mr. Quintanilla is warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Mario Quintanilla is further warned that filing or pursuing frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11; (c) the imposition of an order barring him from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Motions pending, if any, are hereby DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 18th day of May, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE